**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**EFRAÍN DÍAZ ENCARNACIÓN, et. al.**

**Plaintiff**

**v.**                                                                              **CIVIL NO.: 04-1739 (DRD)**

**AGUSTÍN CARTAGENA, et als,**

**Defendants**

## OPINION AND ORDER

Pending before the court is a civil action (Docket No. 1) brought forth by plaintiff, Efraín Díaz Encarnación, against defendants, Agustín Cartagena, Superintendent, the Puerto Rico Police Department ; Victor Rivera González, Former Superintendent; John Doe No. 1, Director Internal Affairs Division; Captain Agripino Ruiz; Captain (FNU) Turella (phonetic); Police Officers John Does No. 2-6; Police Officer Jesús M. Herrera; all in their personal and individual capacities, under the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 of the Civil Rights Act of 1991. The Complaint alleges the use of excessive force by officer Herrera when he searched, arrested and jailed plaintiff. The plaintiff is seeking injunctive relief, and punitive damages.

Defendants filed a *Motion to Dismiss* (Docket No. 10) alleging that the present motion should be dismissed under Fed. R. Civ. P. 12 (b)(6), averring that the complaint is time barred; the Police Department is entitled to Eleventh Amendment Immunity when a state official is sued in his official capacity; further, the complaint fails to state a cause of action under 42 U.S.C. §1983, and fails to sufficiently argue supervisory liability. The motion remains unopposed even though almost

six months have elapsed.

For the reasons stated herein, the Court hereby **GRANTS**, *Defendants' Motion to Dismiss*, and **DISMISSES** all claims against defendants **WITH PREJUDICE.**

## FACTS

On June 16, 2000, plaintiff, Mr. Díaz-Encarnación (hereafter Díaz) was running his business, Indio's Bar, as usual. At approximately 5:30 PM, defendants, officers John Does 2-6 and Jesús M. Herrera-Gomez (hereafter Herrera) arrived at Indio's Bar, with their guns drawn, requiring all present, including the owner Mr. Diaz, to, first, exit the bar with their hands up in the air, and, second, to close the bar. Defendants justified the aforementioned actions explaining that they were engaged in a drug-related search. Notwithstanding a search warrant was never provided to plaintiff.

Plaintiff complained to the officers and insisted that he was not required to comply with their demands, sustaining that he was not required to be subjected to a search of his person, his clients and his business. Nonetheless, after expressing his discomfort with the situation, plaintiff decided to comply with all the officers' orders. Plaintiff avers that, from that point on, the officers carried out the search against his person, his clients, and his business without a warrant, physically assaulted him, and subjected him to a false arrest.

Once arrested, he was then transported by the defendants, officers John Doe No. 2-6 and Officer Herrera, to the Police Department where he remained incarcerated for several hours. During this time, no criminal charges were filed against him. Plaintiff alleges that he was incarcerated by the defendants as a result of him exercising his First Amendment Rights when expressing words of protest to the search.

Having suffered such an experience, plaintiff decided to file an administrative complaint in the Puerto Rico Police Department's Internal Affairs Office against defendants, John Doe 2-6 and

Officer Herrera. On October 3, 2003, plaintiff was notified that the administrative complaint was denied as unfounded as to the Defendants Victor M. Rivera and John Doe No. 1. Consequently, plaintiff filed this complaint on July 20, 2004.

## MOTION TO DISMISS STANDARD R. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1,3 (1st Cir. 1996)(citations omitted); *see also* Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F.Supp.2d 61 (D.Puerto Rico 1999). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)).

Therefore, in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988). In sum, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief**. Conley, 355 U.S. at 78. (*Emphasis added*.)

However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; see also Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998).

A district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo* by the appeals court; such court "accept[s] as true all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff's favor." Calderon Ortiz v. Laboy Alvarado, 300 F.3d 60, 62-63 (1st Cir. 2002); SEC v.SG Ltd., 265 F.3d 42, 46 (1st Cir. 2001). Accordingly, "if the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. Calderon Ortiz, 300 F.3d at 63; quoting, Conley, 355 U.S. at 45-46; Aulson, 83 F.3d at 3.

Finally, "it is well established that affirmative defenses [such as time prescription] may be raised in a motion to dismiss an action for failure to state a claim". Blackstone Realty LLC v. FDIC, 244 F. 3d 193, 197 (1st Cir. 2001); La Chapelle v. Berkshire Life Ins. Co., 142 F. 3d 507, 509 (1st Cir. 1998) ("In the case of the affirmative defense of statute of limitations, dismissal is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time barred".)**;** Aldahonda-Rivera v. Parke Davis and Company, 882 F. 2d 590, 592 (1st Cir. 1989) ("When a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes the ruling based only on those pleadings, the motion is treated as a Rule12(b)(6) motion to dismiss). In cases in which the affirmative defense is based on the statute of limitations, the Court may grant a motion to dismiss if the pleader's allegations leave no doubt that the asserted claim is

time barred.  *See*, Street v. Vose, 936 F. 2d 38, 39 (1st Cir. 1991); Kali Seafood Inc. v. Howe Corp., 887 F. 2d 7, 9 (1st Cir. 1989).  *See also* Estate of Alicano-Ayala v. Philip Morris, Inc., 263 F.Supp. 2d 311, 315 (D.P.R. 2003).

## LEGAL ANALYSIS

In the present case, defendants seek dismissal asserting that plaintiff's claim is time barred.  Defendants argue that the accrual period[1] for plaintiff's claim began to run the day after June 16, 2000, when defendants allegedly carried out a search against plaintiff's person, his clients and his business without a search warrant, physically assaulted him, and subjected him to a false arrest.  Moreover, defendants sustain that plaintiff failed to allege that he had tolled the statute of limitations either through a letter or an administrative claim, based on his claim indicating that he had filed an administrative complaint with the Puerto Rico Police Department that was eventually denied as "unfounded" on October 3, 2003. (Docket No. 10, p. 11 ¶ 1)

Civil rights actions brought forth pursuant to § 1983 of the Civil Rights Act of 1991 do not have a specific statute of limitations.  Consequently, courts have been encouraged to, and must apply, the state's statue of limitations which is most appropriate to the particular §1983 claim.  The most analogous statute of limitations period for a § 1983 claim is the one for personal injury actions, which in Puerto Rico is one year. *See*, Ruiz-Sulsona v. Univ. of Puerto Rico, 334 F3d 157, 160 (1st Cir. 2003); Rodríguez-Nárváez v. Nazario, 895 F. 2d 387, 41-42 (1st Cir. 1990); Rivera Sánchez v. Autoridad de Energía Electrica, 360 F. Supp. 2d 302, 307 (D.P.R. 2005).

The running of the statute of limitations period for a claim of this nature can be tolled by any

---

[1] The accrual date is federal in , nature, that is, it is determined by federal la F. 2d w. See, Ruiz-Sulsona v. Univ. of Puerto Rico, 334 F3d 157, 160 (1st Cir. 2003); Rivera -Muriente v. Agosto-Alicea, 959 F. 2d 349, 353 (1st Cir. 1992); León-Nogueras v. University of Puerto Rico, 964 F. Supp. 585, 587 (D.P.R 1997) Rivera Sánchez v. Autoridad de Energía Electrica, 360 F. Supp. 2d 302, 307 (D.P.R. 2005) .

extrajudicial claim made by the debtor, and by any act of acknowledgment of the debt by the debtor. Art. 1873 of the Puerto Rico Civil Code specifically proscribes that "[the p]rescription of actions is interrupted by their institutions before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." 31 P.R. Laws Ann. § 5303 (1990). In order to set the standard for what constitutes an extrajudicial claim, the Supreme Court of Puerto Rico has relied on the definition provided by the commentator to the Civil Code Diez Picazo. "In principle, claim stands for demand or notice. That is: it is an act for which the holder of a substantive right addresses the passive subject of said right, demanding that he adopt the required conduct. The claim, then, is a pretension in a technical sense." Rodríguez Narváez v. Nazario, 895 F. 2d 38, 44 (1st Cir. 1990); Diaz de Diana v. A.J.A.S. Ins. Co., 110 P.R.Dec. 471, 476 (1980); Secretario del Trabajo v. Finetex, 116 DP.R. Dec.823, 827 (1986).

In the case at bar, plaintiff alleges filing an extrajudicial claim by stating that an administrative complaint was filed with the Puerto Rico Police Department's Internal Affairs Office against defendants, Officer Hernández and Joe Dooes No. 2-6, concerning their misconduct. (Docket No. 1, p. 15 ¶ 45) This set of facts, as set forth in the complaint, does not indicate if the plaintiff fully complied with the requirements established by local law in order to effectively make an extrajudicial claim, thus, tolling plaintiff's prescriptive period to file the complaint herein. (Docket No. 1, p. 15 ¶ 45). Plaintiff must comply with the following:

> The only limitations are that the claim must be made by the holder of the substantive right (or his legal representative), ...it must be addressed to the debtor or passive subjct of the right, not to a third party,...and it must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit.

Secretario del Trabajo, 116 P.R. Dec. at 827; *See also,* Cintrón v. E.L.A., 127 P.R. Dec 582, 592 (1990); Rodríguez-Narváez, 895 F. 2d at 44; León-Nogueras v. University of Puerto Rico, 964 F.

Supp. 585, 587 (D.P.R 1997). Notwithstanding, plaintiff should be aware that the Supreme Court of Puerto Rico has ruled that the filing of an administrative complaint will not toll the running statute of limitations for tort actions nor violations of constitutional rights, provided that an administrative agency, such as the Puerto Rico Police Department's Internal Affairs Office, does not possess jurisdiction over such matters. *See* Cintrón, 127 P.R. Dec. at 595; Delgado-Rodríguez v. Nazario, 121 P.R. Dec. 347 (1988); León Nogueras, 964 F. Supp. at 588-589. In specific terms, the Supreme Court of Puerto Rico has explained that,

> an action before [the Appeals Board] and the judicial action do not pursue identical goals. The action before [the Appeals Board], the way that it is regulated, does not provide means for revealing the intention or desire of the creditor of conserving and demanding the right to be compensated for the damages suffered. Because of that, the exercise [of an administrative complaint] does not qualify as a pretension capable of tolling the running of the statute of limitations for the civil action.

Cintrón,127 P.R. Dec at 595. Therefore, for all practical purposes, a plaintiff that files an administrative complaint for several causes of action, tolls the statute of limitations for all the causes should the agency be able to provide him all the remedies sought, and should he have properly alleged at the agency level a §1983 civil rights claim based on federal constitutional causes of action, with injunctive remedy and request damages. But all of these claims may not be provided by the Police Department Internal Affairs Office. Simply stated the Police Department cannot grant the remedy now sought and, even if it could, the interruption status ends with the date of the filing, begins to run again for a year and fails to last for the duration of the administrative action. Cintrón, 127 P.R. Dec. at 595. Plaintiff should keep in mind that "**the pendency of an administrative proceeding does not maintain the section 1983 claim in a state of suspended animation."[2]** Leon

---

[2] *A contrario sensu* a "suspended animation" occurs under an EEOC charge with one important distinction- the statute calls for "suspended animation" for a definite period of time. See generally, Love v.Pullman, 404 U.S. 522, 526; 92 S. Ct. 616 (1972); Civil Rights Act of 1964, §706 (c), 42 U.S.C.A. §2000e-5.

Nogueras, 964 F. Supp.at 589;  González- García v. Puerto Rico Elec. Power, 214 F. Supp. 2d 201 (D.P.R. 2002) and Secretario del Trabajo, 116 P.R. Dec. at 823; Galib Frangie v. El Vocero, 138 P.R. Dec MJ 66, 1995 WL 905884 at *3 (1995)..

The instant cause of action under 42 U.S.C. §1983 is barred therefore by the applicable one year limitations period.  For purposes of this case "*even if* the filing of the [administrative complaint]...had constituted an extrajudicial claim that tolled the statute of limitations for the section 1983 claim, the most that this could have done would be to have restarted the running of the one-year statute of limitations."León Nogueras, 964 F. Supp at 589 (*emphasis ours*) (quote based on local law).  Plaintiff filed an administrative complaint in the year 2000, which, at most, only interrupted the statute of limitations until the year 2001.  Plaintiff presents no further evidence or allegation in the complaint that would indicate that he issued a second extrajudicial claim interrupting the statute of limitations for another year until 2002.  Instead, what the complaint does in fact show is that plaintiff decided to wait, **nearly three years**,  until he was informed that his complaint was denied as unfounded. (Docket No. 1, p. 15 ¶ 45).  Accordingly, plaintiff's allegations under 42 U.S.C. § 1983 are time barred given that the filing of an administrative complaint with the Puerto Rico Police Department's Internal Affairs Office does not toll **in any way** the running of the statute of limitations for claims pursuant to a civil rights complaint under §1983. León Nogueras, 964 F. Supp at 589; Cintrón, 127 P.R. Dec. at 590; Galib Frangie v. El Vocero, Id.

With respect to all other plaintiff's allegations relating to the violations of his constitutional rights, the same principle applies.  These claims are also time-barred.  Plaintiff's allegations do not survive defendant's motion to dismiss by reason that his claims on the First, the Fourth, the Fifth and the Fourteenth Amendment of the United States Constitution are *within claims under* 42 U.S.C. §1983.

Case 3:04-cv-01739-DRD   Document 13   Filed 07/29/05   Page 9 of 9

In light of the above, defendants motion to dismiss is hereby **GRANTED**. Given the Court's ruling in this case, the Court need not to examine any further the rest of the allegations presented by the defendants in the *Motion to Dismiss* (Docket No. 10). The Court hereby **DISMISSES** all claims against defendants **WITH PREJUDICE** due to plaintiff's failure to interrupt the running of the statute of limitations pursuant to claims under §1983.[3]

**THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of July 2005.

                                                **S/DANIEL R. DOMINGUEZ**
                                                **DANIEL R. DOMINGUEZ**
                                                **U.S. DISTRICT JUDGE**

---

[3] Even if interrupted, the period begins immediately the next day, and the plaintiff has an extra year to file the claim, which has more than elapsed. Leon Nogueras, 964 F. Supp. At 589.